HARVEY M. DUVAL ET AL., APPELLEES, V. ADVANCE THRESHER COMPANY, APPELLANT.*

FILED FEBRUARY 20, 1909.   No. 15,464.

Judgment: PLEADINGS. In an action by an agent upon an agency and commission contract to recover commissions earned in selling merchandise to the amount of $2,706, plaintiff had judgment for $517.25. The contract was set out in the pleadings and showed that plaintiff's commission could not exceed 20 per cent. of the

---

*Rehearing allowed. See opinion, 85 Neb. —.

purchase price, and that the commission became due and payable only when the merchandise sold had been paid for in cash, and the pleadings also showed that but $830.50 of the purchase price had been paid in cash. *Held*, That the judgment was not supported by the pleadings.

APPEAL from the district court for Keya Paha county: JAMES J. HARRINGTON, JUDGE. *Reversed.*

*Halleck F. Rose, W. B. Comstock* and *W. C. Brown,* for appellant.

*Duval & Amspoker* and *C. E. Lear, contra.*

GOOD, C.

This action was brought to recover commissions earned by plaintiffs as agents for the defendant in the sale of machinery. Plaintiffs recovered judgment for $517.25, and defendant has appealed.

In substance, the plaintiffs alleged that they became the agents of the defendant to sell machinery, and in the course of their employment they effected the sale of an engine, threshing machine and other items to the total amount of $2,706, and that their commissions for making said sales amounted to the sum of $504.05, and that defendant had failed and refused to allow said claims or to settle for or pay the same or any part thereof. Defendant admitted the employment of the plaintiffs as agents, and alleged that the contract of agency, which provided for commissions to be earned by plaintiffs, was in writing, and incorporated a copy thereof in its answer. Among other things, the contract provided: "In consideration for all services rendered or to be rendered of every kind and nature, the party of the first part, the Advance Thresher Company, agrees to pay to the second party, subject to all the provisions hereinafter set forth, a commission on orders taken by party of second part and which shall be filled, settled for, and delivered, when the goods are fully paid for in cash, or the notes representing pay-

ment are fully paid for in cash and according to the terms of this contract as follows, viz.: (a) On time sales of engines, separators, horse powers, feeders, husker-shredders, and other machinery manufactured by the Advance Thresher Company not herein specifically mentioned, all over and above eighty (80) per cent. of list price at factory for 1906." The defendant alleged that the sales upon which plaintiffs claimed a commission were sold at less than 80 per cent. of the list price, and that plaintiffs were therefore not entitled to any commission upon the articles sold. The defendant also alleged that the notes representing the purchase price of said machinery sold had not been paid, and for that reason no commission had as yet accrued to the plaintiffs. Plaintiffs in their reply admitted the making of the written contract as alleged by defendant, and alleged that said machinery had been sold at the list price, and that three instalments of the purchase price, amounting to the sum of $830.50, had been paid. The district court directed a verdict for plaintiffs for the full amount sued for, and on the same day rendered judgment on the verdict. Defendant filed a motion for a new trial on the second day after the verdict was rendered, but the district court adjourned on the same day that verdict was rendered, so that the motion for a new trial was not filed at the same term that the judgment was rendered and cannot be considered.

The only question that can be determined upon this appeal is the sufficiency of the pleadings to support the judgment rendered. The written contract of agency was entered into on the 24th day of February, 1906. The sale of machinery on which commission is claimed is alleged to have been made and completed on the 31st day of July, 1906. By the terms of the contract it is apparent that the most that plaintiffs could be entitled to would be 20 per cent. of the purchase price of the machinery sold, but the contract further provides that no commission should become due until the machinery sold was fully paid for in cash, or the notes representing payment are

fully paid in cash. By the allegations of plaintiffs' reply it appears that only $830.50 of the amount of the purchase price had been paid. Whether this was paid previous to the commencement of the action is not disclosed. It is apparent that the utmost that plaintiffs would be entitled to at the time would be a commission of 20 per cent. upon the $830.50, or the sum of $166.10, together with interest thereon from the time the same became due. As the judgment rendered was for $517.25, it thus appears that judgment was rendered for a sum greatly in excess of the amount that was shown to be due to the plaintiffs by the pleadings. It follows that the judgment rendered is not supported by the pleadings.

We recommend that the judgment of the district court be reversed and the cause remanded for further proceedings.

DUFFIE, EPPERSON and CALKINS, CC., concur.

By the Court: For the reasons given in the foregoing opinion, the judgment of the district court is

REVERSED.